O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAVIER SOTO, an individual,<br><br>        Plaintiff,<br><br>  v.<br><br>INTERNATIONAL PAPER<br>COMPANY, a New York<br>corporation; and DOES 1<br>through 20, inclusive,<br><br>        Defendants. | CV 18-03836-RSWL-GJSx<br><br>**ORDER re: Defendant's Motion to Dismiss** [24] |

Currently before the Court is Defendant International Paper Company's ("Defendant") Motion to Dismiss [24] ("Motion"). Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS in part and DENIES in part** Defendant's Motion.

1

**I. BACKGROUND**

**A. Factual Background**

Defendant International Paper Company ("Defendant") hired Plaintiff Javier Soto ("Plaintiff") as a truck driver on July 22, 1985. First Am. Compl. ("FAC") ¶ 18, ECF No. 22. Defendant has a policy in place that makes employees eligible for early retirement benefits when they reach the age of fifty-five. Id. ¶ 20. Plaintiff alleges that Defendant has a policy of terminating employees on the cusp of reaching fifty-five, and that Defendant has terminated other employees on the cusp of fifty-five, thus preventing them from becoming eligible for early retirement. Id. ¶ 21. Soon after Plaintiff turned fifty-four, Plaintiff's supervisor, Jessie Pauletino,[1] "began berating Plaintiff and looking for any pretext to reprimand or criticize Plaintiff." Id. ¶ 22. Plaintiff alleges that Pauletino's actions were "solely out of meanness to Plaintiff and for his own personal gratification due to Plaintiff's age." Id.

On December 6, 2016, Plaintiff hit a fence post while driving Defendant's truck at a loading site in San Diego. Id. ¶ 23. Plaintiff reported the accident to Pauletino and wrote a report as instructed. Id. The following day, Pauletino took away Plaintiff's keys

---

[1] Jessie Pauletino was previously included as a defendant in Plaintiff's initial Complaint. However, Pauletino was never served, and Plaintiff did not include Pauletino as a defendant in Plaintiff's First Amended Complaint.

and sent Plaintiff for a drug screening, which Plaintiff passed. Id. ¶ 24. Plaintiff alleges there was no indication that he was under the influence and that Pauletino demanded Plaintiff take a drug test solely to harass Plaintiff and invade his privacy rights. Id. Plaintiff claims that using the accident as pretext, Defendant terminated Plaintiff on January 12, 2017, less than a month before Plaintiff turned fifty-five. Id. ¶ 25.

**B.  Procedural Background**

On March 8, 2018, Plaintiff filed his Complaint [1-2] in Los Angeles Superior Court. Defendant removed the case to this Court on April 23, 2018 [1]. Defendant filed a Motion to Dismiss [5], which this Court granted with leave to amend [21] on July 16, 2018.[2] Plaintiff filed his First Amended Complaint [22] on August 6, 2018, alleging claims for age discrimination, failure to prevent discrimination, wrongful termination, and violation of ERISA. Defendant filed the instant Motion [24] on August 20, 2018. Plaintiff timely opposed [25], and Defendant timely replied [26].

///

---

[2] The Court granted Defendant's Motion to Dismiss as to the following claims as preempted by ERISA: discrimination under FEHA, failure to prevent discrimination, and wrongful termination. See Order re Mot. to Dismiss, ECF No. 21. The Court also granted Defendant's Motion to Dismiss as to Plaintiff's harassment claim. See id. Plaintiff re-alleged all claims in his FAC except for the harassment claim. See FAC.

3

**II. DISCUSSION**

**A. Legal Standard**

Federal Rules of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. A complaint must contain sufficient facts, accepted as true, to state a plausible claim for relief. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quotation omitted). Dismissal is warranted for a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted). A court must presume all factual allegations to be true and draw all reasonable inferences in favor of the non-moving party. <u>Klarfeld v. United States</u>, 944 F.2d 583, 585 (9th Cir. 1991). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence to support the claims. <u>Jackson v. Birmingham Bd. of Educ.</u>, 544 U.S. 167, 184 (2005) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)). While a complaint need not contain detailed

factual allegations, a plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**B. Discussion**

   1. Age Discrimination

To allege age discrimination under the California Fair Employment and Housing Act ("FEHA"), a plaintiff must plead sufficient facts to establish plaintiff: (1) was a member of a protected class, (2) was qualified for the position or performing competently in the position held, (3) suffered an adverse employment action, and (4) there was some other circumstance suggesting discriminatory motive. Guz v. Bechtel Nat'l Inc., 100 Cal. Rptr. 2d 352, 379 (Cal. 2000) (citations omitted).

Here, Plaintiff sufficiently pleads the first element. Plaintiff is in a protected class because he was fifty-four years old when the alleged termination occurred. FAC ¶ 25; Nidds v. Schindler Elevator Corp, 113 F.3d 917 (9th Cir. 1996)(stating that a protected class includes ages 40-70). Plaintiff also sufficiently pleads the third element, because his termination constitutes adverse employment action. FAC ¶ 25; Guz, 100 Cal. Rptr. 2d at 379 (providing termination as an example of an "adverse employment action").

As to the second element, Plaintiff alleges that he

"performed all of [his] job duties satisfactorily before [he] was wrongfully terminated . . . ." Id. ¶ 18. Without more facts, this is conclusory and insufficient to plead the second element. See Vizcaino v. Areas USA, Inc., CV 15-417-JFW (PJWx), 2015 WL 13573816, at * 4 (C.D. Cal. Apr. 17, 2015) (finding plaintiff's allegation he was "qualified" and "perform[ed] competently" insufficient absent factual support to plead this same factor but in regards to gender discrimination).

Further, as to the fourth element, Plaintiff must plead sufficient facts alleging a discriminatory motive was present. Marquez v. Am. Red Cross, No. CV 09-6409 GAF (AGRx), 2009 U.S. Dist. LEXIS 139373, at *9 (C.D. Cal. Nov. 5, 2009)(citing Nidds, 113 F.3d at 917). However, ERISA preempts an employee's FEHA age discrimination claim if the alleged discrimination was motivated in part by the employee's "participation in an employee benefit plan." Martinez v. Maxim Prop. Mgmt., No. C-97-01944 SI, 1997 U.S. Dist. LEXIS 13175, at *11 (N.D. Cal. Aug. 27, 1997); see Stone v. Travelers Corp., 58 F.3d 434, 437 (9th Cir. 1995)(finding state law discrimination claim preempted by ERISA when the claim "relate[d] to an ERISA plan"). An age discrimination claim however "is not preempted to the extent it relies on theories independent of the benefit plan." Sorosky v. Burroughs Corp., 826 F.2d 794, 800 (9th Cir. 1987).

1    Here, in Plaintiff's original Complaint, Plaintiff
2 relied on the following allegations to plead facts
3 supporting a discriminatory motive: (1) Plaintiff is
4 "informed and believes" Defendant has a policy of
5 terminating employees on the cusp of age fifty-five,
6 preventing early retirement eligibility, Compl. ¶ 20,
7 ECF No. 1-2; (2) soon after Plaintiff turned fifty-four
8 his supervisor Pauletino began berating him out of
9 "meanness" and "due to Plaintiff's age", id. ¶ 21; (3)
10 after Plaintiff hit a post driving Defendant's truck,
11 Pauletino took his keys and sent him for drug screening
12 "solely with the intent to harass Plaintiff and violate
13 Plaintiff's privacy rights", id. ¶¶ 22-23; (4)
14 Defendant terminated Plaintiff less than a month before
15 turning fifty-five, id. ¶ 24; and (5) Plaintiff's
16 termination was "substantially motivated" by his age,
17 id. ¶ 25. This Court previously found Plaintiff's age
18 discrimination claim preempted by ERISA[3] because these
19 allegations, taken with the Complaint as a whole,
20 "provide[] only one plausible motive for Defendant's
21 alleged discrimination: denying Plaintiff early
22 retirement benefits." Order re Mot. to Dismiss 7:1-21,

---

[3] Section 514(a) of ERISA contains a preemption clause stating that the statute "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). "State law causes of action relate to an employee benefit plan if they have 'a connection with or reference to such a plan.'" Sorosky v. Burroughs Corp., 826 F.2d 794, 799-800 (9th Cir. 1987) (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 97 (1983)).

ECF No. 21.

Plaintiff's FAC is identical except for two additions: the allegation that Pauletino took his keys and sent him for drug screening to harass and violate Plaintiff's privacy rights "*due to his age*"; and that Plaintiff is "informed and believes that younger employees under the age forty (40) have had similar accidents to Plaintiff's . . . but were not terminated, and were not subjected to drug screenings." FAC ¶¶ 24, 26. These two additions however do not provide sufficient facts to support that, when reading the Complaint as a whole, there is a rationale for Plaintiff's treatment other than to deny early retirement benefits.

First, adding "due to his age" to the end of the allegation that Pauletino took Plaintiff's keys and sent him for drug screening does not represent a plausible theory capable of withstanding a motion to dismiss, because it still does not provide "facts that would create an inference of discriminatory animus or to show that others outside the protected class were treated more favorably." Marquez, 2009 U.S. Dist. LEXIS 139373, at *10-11. The Court previously found Plaintiff's allegation that his "termination was substantially motivated by Plaintiff's age," while it did represent a motive independent of the early retirement benefits, was insufficient and conclusory for this exact reason. Order re Mot. to Dismiss 7:1-

10. This allegation is no different, Plaintiff simply adds "due to his age" without pleading any supporting facts that would show Pauletino harassed Plaintiff out of animus to Plaintiff's age.

Second, Plaintiff's allegation regarding the retention of younger employees does not show a plausible theory for termination independent of the employee benefit plan. Plaintiff does not allege who the younger employees are or what the circumstances of their accidents were. There is no information to determine whether these alleged accidents were similar to Plaintiff's. See Menzel v. Scholastic, Inc., 2018 U.S. Dist. LEXIS 44833, at *5 (N.D. Cal. Mar. 19, 2018)("[W]hile facts may be alleged upon information and belief, that does not mean that conclusory allegations are permitted. A conclusory allegation based on information and belief remains insufficient under Iqbal/Twombly.").

Further, when read with the rest of the Complaint as a whole, this allegation supports the strong implication that Defendant's motive to terminate Plaintiff was to avoid early retirement benefits. For example, Plaintiff pleads that Defendant has a policy of "terminating employees on the cusp of reaching the age of fifty-five" and there were instances when Defendant "terminated other employees on the cusp of reaching the age of fity-five (55), thus preventing such employees from becoming eligible for early

retirement." FAC ¶ 21. Plaintiff's allegation that employees under the age of forty retained their jobs supports this motivation. Without more, Plaintiff has not alleged sufficient facts to create the inference that Plaintiff was terminated due to his age, and not as an effort to avoid paying Plaintiff early retirement benefits. See Wood v. Prudential Ins. Co. of Am., 207 F.3d 674, 677 (3d Cir. 2000)(holding that ERISA preempted a state law discrimination claim because Plaintiff "provide[d] no rationale for [Defendant's] treatment other than to avoid paying benefits to him and to his dependants").

Thus, the Court **GRANTS** Defendant's Motion to Dismiss as to Plaintiff's age discrimination claim because it remains subject to ERISA preemption.

2. Failure to Prevent Discrimination and Wrongful Termination

Plaintiff's second claim for failure to prevent discrimination is also a claim brought under FEHA, and preempted by ERISA for the same reasons as above. Plaintiff's third claim for wrongful termination is likewise preempted by ERISA. See Felton v. Unisource Corp., 940 F.2d 503, 508 (9th Cir. 1991)("It is well-settled in this circuit that a wrongful termination claim based on the theory that the employer intended to avoid pension or insurance payments is preempted by ERISA.").

Even if these claims were not preempted, both parties agree that Plaintiff's second claim for failure to prevent discrimination, and third claim for wrongful termination, are derivative of Plaintiff's age discrimination claim. Indeed, "[a] FEHA claim for failure to prevent discrimination requires a plaintiff to demonstrate, among other things, that discrimination occurred." Ceja-Corona v. CVS Pharmacy, Inc., 664 Fed.App'x. 649, 651 (9th Cir. 2016) (citing Trujillo v. N. Cty. Transit Dist., 63 Cal. App. 4th 280, 286 (1998) ("holding that there is no failure to prevent discrimination if discrimination did not occur")). "Under California law, if an employer did not violate FEHA, the employee's claim for wrongful termination in violation of public policy fails." Taub v. Fleischman-Hillard, Inc., 256 Fed.Appx. 170, 172 (9th Cir. 2007) (citing Esberg v. Union Oil Co., 121 Cal. Rptr. 2d 203, 210-211 (Cal. 2002)).

Thus, because the Court has dismissed Plaintiff's claim for age discrimination as preempted by ERISA, the Court also **GRANTS** Defendant's Motion to Dismiss Plaintiff's claims for failure to prevent discrimination and wrongful termination.

3. ERISA

"Section 510 of ERISA, 29 U.S.C. § 1140, prohibits an employer from terminating an employee in order to prevent the vesting of pension rights." Ritter v. Hughes Aircraft Co., 58 F.3d 454, 457-58 (9th Cir.

11

1995). "To establish a prima facie case of a violation under [Section] 510, Plaintiff must show (1) [he] participated in a statutorily protected activity, (2) [he] suffered an adverse employment action, and (3) a causal connection between the two." Medina v. S. Cal. Permanente Med. Grp., No. CV 16-3109 PSG GCx, 2017 WL 3575278, at *4 (C.D. Cal. July 21, 2017) (citing Kimbro v. Atl. Richfield Co., 889 F.2d 869, 881 (9th Cir. 1989)). Plaintiff must also "put forth sufficient evidence to establish [Defendant's] 'specific intent to interfere with [his] benefit rights.'" Lessard v. Applied Risk Mgmt, 307 F.3d 1020, 1024 (9th Cir. 2002) (citing Ritter, 58 F.3d at 457).

The parties do not dispute the first three elements, and, instead, focus their arguments on the "specific intent" requirement. However, a brief analysis of these elements reveals Plaintiff has pleaded sufficient facts to satisfy the three elements.

As to the first element, Plaintiff alleges that Defendant has a policy in place for employees to be eligible for early retirement benefits upon reaching the age of fifty-five, and that Plaintiff would have been entitled such benefits but terminated when he was less than a month before Plaintiff turned fifty-five. FAC ¶¶ 20, 65. This is sufficient to plead the first element. See Karamsetty v. Wells Fargo & Co., 967 F. Supp. 2d 1305, 1329-30 (N.D. Cal. 2013) (finding plaintiff's participation in a benefit plan the

12

"statutorily protected activity"); <u>Dytrt v. Mountain State Tel. & Tel. Co.</u>, 921 F.2d 889, 896 (9th Cir. 1990) (citation omitted) ("Section 510 prevents an employer from arbitrarily discharging an employee whose pension rights are about to vest.").

Plaintiff also sufficiently pleads the second element because he suffered an adverse employment action when he was terminated by Defendant. FAC ¶ 25. <u>See</u> <u>Guz</u>, 100 Cal. Rptr. 2d at 379 (providing termination as an example of an "adverse employment action").

As to the third element, Plaintiff alleges that Defendant terminated Plaintiff in an effort to interfere with Plaintiff's attainment of early retirement benefits. <u>See</u> FAC ¶ 28. While Plaintiff does not allege facts showing he attempted to exercise rights under ERISA, he was a month away from turning fifty-five and could not have exercised his rights at the time. Plaintiff's allegations that he was almost fifty-five when terminated, and that it was Defendant's practice to terminate employees on the cusp of reaching fifty-age to avoid paying benefits provides a plausible inference that Plaintiff's imminent ability to exercise his rights under ERISA caused the adverse action of his termination.

Finally, to establish Defendant's specific intent, Plaintiff must plead facts showing that the desire to avoid paying Plaintiff his early retirement benefits

13

was the motivating force behind his discharge. <u>Kimbro v. Atlantic Richfield Co.</u>, 889 F.2d 869, 881 (9th Cir. 1989). Plaintiff alleges he would have been eligible for early retirement benefits when he turned fifty-five, but that Defendant has a policy of terminating employees on the cusp of reaching age fifty-five. FAC ¶¶ 20-21. Plaintiff further alleges that soon after he turned fifty-four, his supervisor began berating and criticizing him. <u>Id.</u> ¶ 22. Finally, Plaintiff alleges that less than a month before he turned fifty-five, Defendant terminated Plaintiff using Plaintiff's accident as pretext. <u>Id.</u> ¶ 25. From this series of allegations, the Court can infer that Plaintiff alleges Defendant intended to interfere with Plaintiff's early retirement benefits.[4] See <u>Kimbro</u>, 889 F.2d at 881 (stating that "timing of a discharge may in certain situations create the inference of reprisal"); <u>Dister v. Cont'l Group Inc.</u>, 859 F.2d 1108, 1115 (2d Cir. 1988) (holding that termination of an employee four months before the employee's pension rights vested and the savings to the employer from the termination were sufficient to create an inference of discrimination).

Defendant argues that Plaintiff's allegation that

---

[4] The Court notes that Plaintiff alleged these same facts in his original Complaint, and the Court found that the allegations strongly implied that Defendant's motivating factor for terminating Plaintiff was to interfere with Plaintiff's early retirement benefits. Order re Motion to Dismiss 6:19-22, 8:9-12, 17-20.

14

the motivation for terminating his employment "could have" involved interfering with his right to receive early retirement benefits is speculative and insufficient to establish specific intent.  However, Plaintiff's allegation does not fail simply because Plaintiff pleads the intent to interfere with his ERISA benefits "could" be the reason for his termination as opposed to the reason being discrimination or Plaintiff's accident.  See Gitlitz v. Compagnie Nationale Air France, 129 F.3d 554 (11th Cir. 1997)("A plaintiff is not required to prove that inference with ERISA rights was the sole reason for the discharge but must show more than the incidental loss of benefits as a result of the discharge.").  Plaintiff is required to plead a plausible inference of Defendant's specific intent.  See Powers v. AT&T, No. 15-cv-0124-JSC, 2015 WL 5188714, at *7 ("A plaintiff pleading a Section 510 claim must allege facts to plausibly establish that the employer took the adverse employment action with the specific intent . . . .").  Contrary to Defendant's argument, the above-referenced allegations and the FAC as a whole plead sufficient facts to establish a plausible inference Defendant intended to interfere with Plaintiff's ERISA rights to withstand a motion to dismiss.

Thus, the Court **DENIES** Defendant's Motion to Dismiss as to Plaintiff's ERISA claim.

///

4. <u>Leave to Amend</u>

Rule 15(a) provides that a party may amend their complaint once "as a matter of course" before a responsive pleading is served. Fed. R. Civ. P. 15(a). After that, the "party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires." <u>Id.</u> If any amendment to the pleadings would be futile, leave to amend should not be granted. See <u>Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.</u>, 368 F.3d 1053, 1061 (9th Cir. 2004) (quoting <u>Saul v. United States</u>, 928 F.2d 829, 843 (9th Cir. 1991)). Further, "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." <u>Ascon Props., Inc. v. Mobil Oil Co.</u>, 866 F.2d 1149, 1160 (9th Cir. 1989) (citation omitted). Here, Plaintiff was given an opportunity to amend his complaint. However, despite the instructions of the previous Order, Plaintiff pleaded the same facts with only one new paragraph in his FAC that was still insufficient to avoid ERISA preemption. This suggests that Plaintiff cannot plead facts that would avoid ERISA preemption, and consequently, the Court **DENIES LEAVE TO AMEND**.

///
///
///

**III. CONCLUSION**

Based on the foregoing, the Court **GRANTS** Defendant's Motion to dismiss **WITHOUT LEAVE TO AMEND** as to the following claims: (1) age discrimination, (2) failure to prevent discrimination, and (3) wrongful termination. The Court **DENIES** Defendant's Motion as to Plaintiff's claim for violation of ERISA § 510.

Defendant's Answer to the First Amended Complaint [22] is due 14 days from the date of this order.

**IT IS SO ORDERED.**

DATED: November 13, 2018         s/ RONALD S.W. LEW

                                            **HONORABLE RONALD S.W. LEW**
                                            Senior U.S. District Judge